UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| GARETT R. POLANCO,<br><br>Plaintiff,<br><br>v.<br><br>RECOVERY MANAGEMENT SOLUTIONS LLC,<br><br>Defendant. | CASE NO. 4:21-cv-01134 |

# COMPLAINT

NOW COMES the Plaintiff, GARETT R. POLANCO ("Plaintiff"), by and through his undersigned counsel complaining of the Defendant, RECOVERY MANAGEMENT SOLUTIONS LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et. seq*. and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §392 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is this district is proper pursuant to 28 U.S.C. §1391(b)(2) as RECOVERY MANAGEMENT SOLUTIONS LLC conducts business in the Northern District of Texas and Plaintiff is domiciled here.

## PARTIES

1

4. GARETT R. POLANCO ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant was domiciled in Fort Worth, Texas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

7. RECOVERY MANAGEMENT SOLUTIONS LLC ("Defendant") maintains its principal place of business at 485 Cayuga Road, Suite 402, Cheektowaga, New York 14225.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

9. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

10. On September 24, 2021, Plaintiff's girlfriend's sister received a phone call and subsequent voicemail from Defendant stating that Defendant was looking for Plaintiff in regard to an important legal matter.

11. On September 25, 2021, Plaintiff's grandmother received the same message.

12. In addition, Plaintiff's girlfriend and girlfriend's father have both received the same message.

13. Plaintiff has numerous missed calls from Defendant but has never received a message from Defendant as his voicemail is not set up.

14. The fact that Defendant referenced a 'legal matter' in these messages embarrassed Plaintiff and concerned all parties contacted, making them think that Plaintiff was in some sort of trouble.

15. Plaintiff was surprised, embarrassed, and extremely upset hearing of Defendant's contact with Plaintiff's 'family.'

16. Additionally, Plaintiff has no idea what debt Defendant may be collecting, making Plaintiff even more frustrated with Defendant's conduct.

17. Plaintiff has not received any written communication from Defendant regarding the debt allegedly owed by Plaintiff.

18. In an effort to determine the reason for Defendant's calls to so many of his 'family' members, Plaintiff did a web search for Defendant's phone number, which led him to the website for Lemberg Law.

19. Plaintiff attempted to work with Lemberg Law for five days but was wary because he was concerned that Lemberg Law was not Defendant, even though the web search on Defendant's phone number went to Lemberg Law's website.

20. Concerned with Defendant's deceptive collection efforts, Plaintiff was forced to retain counsel to vindicate his rights.

## DAMAGES

21. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection. This was done because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

22. The FDCPA gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA.

23. Concerned with having had his statutory rights under the FDCPA violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

## **COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

24. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25. On information and belief, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes.

    a. **Violations of 15 U.S.C. §1692b**

26. Section 1692b(2) of the FDCPA prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

27. Defendant violated §1692b(2) when it called Plaintiff's girlfriend, girlfriend's sister, girlfriend's father, and Plaintiff's grandmother and left a voicemail looking for Plaintiff in regard to a "legal matter."

28. Specifically, referring to a legal matter led to undue stress and concern from assuming that Plaintiff was in some sort of trouble. These calls were made with the intent to humiliate Plaintiff in hopes that he would succumb to the harassment and make an immediate payment on the alleged debt.

    b. **Violations of FDCPA §1692d**

29. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

30. Defendant violated § 1692d when it placed numerous unwanted and unconsented-to collection calls to Plaintiff's 'family' members in an attempt to embarrass Plaintiff into making a payment on the alleged debt.

31. Defendant's behavior of systematically calling Plaintiff's 'family' members in an attempt to collect the alleged debt was harassing and abusive.

### c. Violations of 15 U.S.C. § 1692e

32. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

33. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated 15 U.S.C. §§1692e and e(10) when it left voicemail messages for people who were not even Plaintiff's family attempting to collect on the alleged debt.

35. Specifically, Defendant contacted only two true acquaintances of Plaintiff – his girlfriend and grandmother – and egregiously contacted people with whom Plaintiff would most likely not have dealings with, including Plaintiff's girlfriend's sister and girlfriend's father.

### d. Violations of 15 U.S.C. §1692g

36. Pursuant to §1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

37. Defendant violated 15 U.S.C. § 1692g by failing to send a validation letter to Plaintiff within 5 days of its initial communication.

**WHEREFORE** Plaintiff, GARETT R. POLANCO, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

40. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by placing phone calls to people other than Plaintiff with the intent to embarrass Plaintiff into making a payment on the alleged debt.

41. Defendant's collection calls were made with the intent to harass Plaintiff's 'family' members and to pressure Plaintiff into making payment on the alleged debt.

**WHEREFORE**, Plaintiff, GARETT R. POLANCO, requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d.        Awarding Plaintiff his reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

    e.        Awarding any other relief as this Honorable Court deems just and appropriate

**Plaintiff demands trial by jury.**

Dated: October 8, 2021

Respectfully submitted,

**GARETT R. POLANCO**

By: */s/ Jennifer Ann McLaughlin.*

Jennifer Ann McLaughlin, Esq.
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
jmclaughlin@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com